Petitioner's motion is denied and respondents' cross-motion for summary judgment confirming the arbitration awards of the Impartial Chairman is granted.

So ordered.

Barry J. BELMONT

v.

**GUARANTEE NATIONAL INSURANCE COMPANY.**

Civ. A. No. 85–5044.

United States District Court,
E.D. Pennsylvania.

Sept. 24, 1986.

Joel W. Todd, Philadelphia, Pa., for plaintiff.

Richard M. Mackowsky, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

DITTER, District Judge.

In this action, plaintiff seeks to recover under an insurance policy for fire damage to property insured by defendant, an unlicensed, surplus insurance carrier. In addition to his contract action on the policy, plaintiff has brought three counts alleging bad faith and other tortious behavior by defendant during the claim-settlement process. On these counts, plaintiff requests

attorney's fees and punitive damages. Defendant now moves for summary judgment on all the tort claims. For the reasons that follow, I will grant defendant's motion for partial summary judgment.

In *D'Ambrosia v. Pennsylvania Nat'l Casualty Ins. Co.*, 494 Pa. 501, 431 A.2d 966 (1981), the Supreme Court of Pennsylvania ruled that the Unfair Insurance Practices Act (UIPA) precluded the creation of a judicial cause of action for punitive damages arising out of claim-settlement practices of an "insurance carrier." *See* 40 Pa.Stat.Ann. § 1171.1–.5 (Supp.1986). The Court concluded that a private cause of action was not necessary because the claims and compromise provisions of the UIPA adequately dealt with bad faith and negligent conduct on the part of insurance carriers. *Id.* at § 1171.5(a)(10). Thus, absent a compelling reason to the contrary, I must dismiss plaintiff's negligence and bad faith claims seeking attorney's fees and punitive damages.

Plaintiff asserts that I should not dismiss his negligence and bad faith claims because defendant is an unlicensed, surplus insurance carrier. Plaintiff reasons that he has no protection from defendant's outrageous conduct because as an unlicensed carrier defendant is not covered by the UIPA. This argument fails for several reasons. First, an unlicensed insurer is subject to the provisions of 40 Pa.Stat.Ann. § 1006.-1–.19 which allows for regulation of unlicensed carriers by the Insurance Commissioner. An express purpose of this Act is to "protect Pennsylvania citizens purchasing insurance from unlicensed insurers...." *Id.* § 1006.1. Thus, even without application of the UIPA, plaintiff is afforded statutory protection. Secondly, I conclude that the UIPA is applicable to unlicensed insurance carriers. Section 1171.4 provides that *"[n]o person shall engage in this state* in any trade practice which is defined or determined to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance pursuant to this act." *Id.* § 1171.4 (emphasis added). "Person" is defined as "any individual, corporation ... *engaged in the business of insurance...." Id.* § 1171.3 (emphasis added). Finally, section 1171.7 provides the Insurance Commissioner with the power to "examine and investigate the affairs of *every person engaged in the business of insurance in this state...." Id.* § 1171.7 (emphasis added). Nowhere does the UIPA exempt unlicensed carriers from its coverage or even distinguish a licensed carrier from an unlicensed carrier. Moreover, plaintiff has failed to cite any Pennsylvania case law supporting his proposition. Consequently, I am unwilling to conclude that plaintiff is entitled to bring a tort action in Pennsylvania against defendant insurance carrier to recover punitive damages or attorney's fees.